```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re Application of GORSOAN LIMITED   :
for an Order Pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in a Foreign  :      MEMORANDUM AND ORDER
Proceeding,
                                        :           18-MC-431 (RA) (KNF)
                     Petitioner.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

## BACKGROUND

On October 15, 2018, the court granted the petitioner's ex parte application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a proceeding in Cyprus, namely, serving subpoenas on Zoe Bullock Remmel, Eugenia Bullock, Zoya Kuznetsova and Stuart Sundlun ("the respondents"). See Docket Entry No. 9. On May 13, 2019, the petitioner made a motion to compel the respondents to respond to the subpoenas it served on them. See Docket Entry No. 15. On May 31, 2019, a motion by Janna Bullock "to intervene in these proceedings, with consent of all parties," was granted. See Docket Entry No. 22. Thereafter, Janna Bullock made a motion to vacate the October 15, 2018 order and quash the subpoenas. See Docket Entry No. 23. On January 24, 2020, the assigned district judge: (1) granted the petitioner's motion to compel the respondents to respond to the subpoenas authorized by the October 15, 2018 order; (2) denied a motion by intervenor Janna Bullock to vacate the October 15, 2018 order and quash the subpoenas; (3) directed the parties to meet and confer "regarding how to modify the subpoenas' scope"; and (4) referred the matter to the undersigned "for review of that submission and Respondents' compliance with the modified subpoenas." Docket Entry No. 42. On February 21, 2020, the respondents and intervenor Janna Bullock filed notices of appeal from the January 24, 2020 order. See Docket Entry Nos. 44, 45 and 46.

1

On April 7, 2020, the petitioner filed an application styled "Gorsoan Limited's Submission Pursuant to January 24, 2020 Order," requesting that the Court: (i) "find that the revised discovery requests as set forth in Gorsoan's February 28, 2020 letters are reasonable"; (ii) "order Respondents' compliance with the subpoenas as modified by the February 28, 2020 letters"; and (iii) "require the production of documents by Respondents within thirty days of such order." Docket Entry No. 47. By a letter, dated April 9, 2020, the respondents contend that "a discovery conference" is not necessary and "Gorsoan's motion should be denied" because: (a) "Respondents and Intervenor filed notices of appeal"; (b) they "were under no obligation to seek a stay pending their appeal pursuant to 28 U.S.C. § 1291"; (c) "[o]rders granting (or denying) applications for discovery under Section 1782 are considered final adjudications and are immediately appealable pursuant to 28 United States Code Section 1291"; and (d) "the Court is without authority to take further action to enforce Gorsoan's subpoenas." Docket Entry No. 49. By a letter, dated June 12. 2020, the petitioner contends that the respondents "are incorrect" in asserting that the "Court is without authority to take further action to enforce Gorsoan's subpoenas" because, "[a]bsent a request for a stay—which respondents never sought—Respondents must comply with the Court's January 24, 2020 order." Docket Entry No. 50. In their reply letter, dated June 16, 2020, the respondents assert that: (1) their filing of the notices of appeal "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal"; (2) at the time the appeal was taken "there was no order mandating specific production that needed to be stayed"; (3) the petitioner requests that the Court "order *new* relief, even though such relief would run up against 'those aspects of the case' currently before the Second Circuit"; and (4) "[e]ven if a formal stay were necessary, there is little question that one would be justified." Docket Entry No. 51.

## LEGAL STANDARD

> A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.
>
> Fed. R. App. P. 8(a)(1).

"A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges." Fed. R. App. P. 8(a)(2).

> It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing. But it is equally clear that the vitality of that judgment is undiminished by pendancy of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative. To be sure, for as long as the appellate court retains its mandate it maintains its jurisdiction over the case, and thus the power to alter the mandate. But non-issuance of the mandate by the appellate court has no impact on the trial court's powers to enforce its unstayed judgment since the latter court has retained that power throughout the pendency of the appeal.
>
> Deering Milliken, Inc. v. Federal Trade Commission, 647 F.2d 1124, 1128-29 (D.C. Cir. 1978) (citations omitted).

## APPLICATION OF LEGAL STANDARD

The respondents failed to make citation to Rule 8 of the Federal Rules of Appellate Procedure in their letters, Docket Entry Nos. 49 and 51. Neither the respondents, who assert lack of jurisdiction to enforce the January 24, 2020 order, nor the intervenor made a motion for a stay of the January 24, 2020 order. Although the respondents and the intervenor filed notices of appeal, which appeal is pending as of the date of this order, absent a stay, the unstayed January 24, 2020 order remains operative and the district court retains power to enforce it throughout the pendency of the appeal. See Deering Milliken, 647 F.2d at 1128-29. The respondents' attempt to argue for the first time in their reply letter that a stay of the January 24, 2020 order pending

3

appeal "would be justified," Docket Entry No. 51, is rejected as untimely.  <u>In re Various Grand Jury Subpoenas</u>, 235 F.Supp.3d 472, 485 (S.D.N.Y. 2017) ("The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs need not be considered.").

## CONCLUSION

As previously directed by the January 24, 2020 order, **no later than June 30, 2020**: (1) the respondents and the intervenor shall meet and confer with the petitioner to discuss the scope of the subpoenas served by the petitioner, including the petitioner's February 28, 2020 proposed modifications; and (2) file a joint letter, no longer than four pages inclusive of exhibits, informing the Court about any issue(s) that may remain unresolved after the parties meet and confer in good faith to attempt to resolve the scope of the subpoenas without the Court's assistance.  The petitioner's application, Docket Entry No. 47, is denied without prejudice.

Dated: New York, New York
       June 17, 2020                                    SO ORDERED:

                                                        _____
                                                        KEVIN NATHANIEL FOX
                                                        UNITED STATES MAGISTRATE JUDGE